(Hamilton County Court of Common Pleas)

## THE STATE OF OHIO v. HARRY JONES.

(1). Section 6808, R. S., as amended April 23, 1898, does not invade the constitutional prerogative of the governor by providing" that no person convicted of murder in the first degree shall be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt."

(2). The legislature has power to provide upon whom the burden of proof shall rest, and said act, as amended, is constitutional.

---

On Motion for new trial.
DAVIS, J.

The defendant, Harry Jones, on or about the 11th day of June, 1898, on Longworth treet, in the city of Cincinnati, shot and killed a woman by the name of Anna Ford, otherwise known as Annie Thomas. For several months prior to said date said Harry Jones and Annie Thomas had been living together, and she was his mistress. The said Harry Jones had become jealous of his mistress some weeks prior to the said 11th day of June, and upon one occasion, about two weeks before her death, he said to several parties that he would give her until next Friday evening to live; but that upon the succeeding Friday evening he did not carry his threat into execution. But on the morning of said 11th day of June, in company with a friend, he went to his employer and got two dollars, and thence went to a pawn broker's shop and hired a revolver, depositing therefor said sum of two dollars as security for its re-

turn. He said to the friend that he was getting the revolver to kill Annie. This friend advised him against such action and pleaded with him to change his determination; but the defendant persisted, and again reiterated that he was going to kill her. Upon their leaving the pawnshop Harry Jones and his friend walked east on Longworth street, and they saw the deceased, Annie Ford, coming towards them, and as soon as Harry Jones saw her he said, "There she comes, now. I will kill the d—d b—h." And when he and his friend got up near to her he said to her, "Good thing you were not at the house; I was coming up there to kill you." She replied, with a epithet, "I am not afraid of you." He commenced shooting at her at once; and after he had shot her some three or four times he undertook to escape, but the crowd followed him, and he was arrested about three squares from where the shooting occurred.

The defendant was indicted for murder in the first degree, and upon the trial of the case the defendant did not take the stand in his own behalf. The jury returned a verdict of guilty of murder in the first degree, with recommendation of mercy to the court.

A motion for a new trial has been filed on behalf of the defendant, by his counsel, seeking to set aside said verdict.

Said motion for a new trial is urged principally for the reason that the jury returned a verdict of murder in the first degree, with recommendation of mercy to the court; and it is contended that section 6808, as amended April 23, 1898, is unconstitutional, because it deprives the governor of pardoning power.

Said section, as amended, reads as follows:

"Section 6808. Whoever purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetration, or attempt to perpetrate, any rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree, and shall be punished by death, unless the jury trying the case recommend mercy, in which case the punishment shall be imprisonment in the penitentiary during life. Provided, however, that murder in the first degree, as herein defined, shall continue to be a capital offense within the meaning of the constitution. And provided, further, no person convicted of murder in the first degree shall be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt."

Is said section, as amended, unconstitutional? Section 11 of article III. of the constitution, reads as follows:

"He (the Governor) shall have power, after conviction, to grant reprieves, communications and pardons, for all crimes and offensese, except treason and cases of impeachment, upon such conditions as he may think proper, subject, however, to such regulations as to manner of applying for pardons as may be prescribed by law."

Section 409-49, of the Revised Statutes, reads as follows:

"The governor shall have full power, notwithstanding the action of said board (meaning board of pardons), to grant or reject any application for the granting of a pardon, commutation of sentence, or reprieve, if in his judgment the public interest would thereby be promoted."

It will, therefore, readily be seen that section 6808 as amended April 23, 1898, is clearly constitutional. In other words, it does not invade the prerogative of the governor; but only provides "that no person convicted of murder in the first degree shall be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt." This clause is in no manner in conflict with said section 11 of article III. of the constitution; and neither does it repeal, expresesly or by implication, section 409-49.

Said section 6808 provides that murder in the first degree, as herein defined, shall continue to be a capital offense within the meaning of the constitution. But it provides that, within the discretion of the jury in the one case, where a party has deliberated and premeditated, they may bring in a verdict without recommendation, and in that case the accused shall suffer the penalty of death; and further, in a case of deliberation and premeditation they can bring in a verdict of murder in the first degree with recommendation of mercy to the court. And in that case the defendant shall be imprisoned in the penitentiary for life, and it is obligatory upon the court to so sentence the accused.

In other words, in the event where the jury return a verdict of murder in the first degree with recommendation of mercy to the court, and necessarily have to find that there was deliberation and premeditation, the punishment is the same as that of a person guilty of murder in the second degree; with the further exception that, in case the convict should ever apply for pardon, who had been convicted of murder in the first degree with a recommendation of mercy to the court, he must prove his innocence beyond a reasonable doubt. Which changes the burden of proof? Heretofore in all criminal proceedings the burden of proof was on the state, and, so far as this court is aware, that has been the rule for ages.

In the case at bar the accused is nineteen years of age; and if he lives to the ordinary age of manhood, say sixty or eighty years, and, after the court and the attorneys for both the state and the de-

fense and all of the jurors and witnesses, and everybody connected with the case, shall be dead, should he then conclude to make an application for pardon, he must prove his innocence beyond a reasonable doubt. Which is a complete change of the rules of evidence in that regard. Thus changing the burden of proof is not in keeping with the humane policy of advanced civilization.

But in that respect and for that reason the law is also valid, as the legislature has power to provide upon whom the burden of proof shall rest.

It is not clear just what the object of the legislature was in passing this law. Sufficient it is to say, that murder in the first degree should altogether be wiped from the statute, or this law repealed. If the passage of this law as amended was *intended to wipe out capital punishment*, then it can be said that the legislature fired a blank cartridge.

In cases of deliberation and premeditation, why should there be two kinds of punishment? Life is as sacred and valuable, in the eyes of law, in the one case as in the other.

The verdict is amply supported by testimony. Therefore the motion for a new trial is overruled.

John C. Schwartz and Thomas Darby, for the state.

J. D. Ermston, for defendant.